PORTO RICAN LEAF TOBACCO CO. *v.* THE REGISTRAR OF PROPERTY.

Appeal from a Decision of the Registrar of Property
of Caguas.

No. 7.—Decided June 29, 1907.

ACTION FOR RESCISSION—ALIENATION OF REAL PROPERTY SUBJECT TO RESERVATION—RECORD OF RIGHT OF RESERVATION—THIRD PARTY.—Alienations of real property subject to reservation, made by the widow or widower after contracting a second marriage are not null in law, but are subject to rescission where upon their death they leave legitimate descendants from the first marriage, but such an action for rescission cannot be prosecuted to the prejudice of a third party having his right recorded when it has not been made clearly to appear in the registry that such property was subject to reservation. This doctrine is applicable to the cases of reservation referred to in section 799 of the Civil Code.

The facts are stated in the opinion.

*Mr. Harnández Usera* for appellant.

MR. CHIEF JUSTICE QUIÑONES delivered the opinion of the court.

This is an appeal taken by Attorney José Hernández Usera on behalf of the Porto Rican Leaf Tobacco Co. from a decision of the Registrar of Property of Caguas, refusing to admit a mortgage deed to record.

By public deed executed in the town of Aibonito on November 24, 1906, before José Hernández Usera, an attorney and notary of this city entitled to practice throughout the Island, Eusebio Coronas y Fernández, as the special attorney in fact, as he alleged himself to be, of his wife, Luisa Muñoz Rivera, entered into a contract with Luis Toro Pasarell, as the director and legal representative in this Island of the Porto Rican Leaf Tobacco Co., a corporation organized under the laws of the State of New Jersey and duly registered in this Island of Porto Rico, for an agricultural loan for planting 60 *cuerdas* of tobacco on a plantation belonging to his said wife, Luisa Muñoz Rivera, situated in the *barrio* of Honduras in the municipal district of Barranquitas, which she had acquired by intestate inheritance from her son, Lorenzo Genaro Santiago y Muñoz, under the stipulations and conditions established in said instrument, among them being one that Toro Pasarell would advance him as an agricultural loan, in the capacity in which he appeared, a sum not to exceed $3,800, which Coronas was to return not later than June 30, 1907, with interest at the rate of 7 per cent per annum, and Coronas mortgaged, on behalf of his wife, the said plantation for the $3,800 as principal and in addition $1,000 as interest and costs.

Upon the presentation of this deed for record in the Registry of Property of Caguas, the registrar refused such record on the grounds set forth in the decision which he placed at the end of said document, which reads as follows:

"The foregoing document is not admitted to record, because subdivision 7 of article 108 of the Mortgage Law forbids the mortgage of a right of usufruct granted by the law to fathers or mothers in the property of their children, as the right of Luisa Muñoz Rivera in the plantation sought to be mortgaged may be considered as such a usufruct in view of the obligation which she has under section 799 of the Civil Code to reserve it in favor of the relatives within the third degree belonging to the line from which said plantation came, inas-

much as she acquired it by intestate inheritance from her son had by her first marriage with Genaro Santiago Negrón, called Genaro Santiago Muñoz, who in turn acquired said plantation under the right of representation of his said father, from his grandfather, José Monserrate Santiago, according to the fifth and third records, respectively, of the said plantation. The Act of March 8, 1906, repealing said section 799, is not applicable to this case as it does not have a retroactive effect, because the obligation to make the reservation accrued at the moment of the death of the intestate Genaro Santiago Muñoz— that is to say, March 12, 1905—and, finally, rule 6 of the transitory provisions of the said Code is applicable. Furthermore, in view of the obligation to make the reservation which section 936 of the Civil Code imposes on the widow, with respect to the property which she may acquire from any of the children had by her first marriage, and taking into consideration the clear and specific provision of section 941 of said Code, it is evident that said act or contract of alienation is void *per se* because made by Luisa Muñoz Rivera after having contracted a second marriage with Eusebio Coronas y Fernández; the right to mortgage being included in the meaning of an alienation according to a number of decisions of the Directorate of Registries, *i. e.*, of June 13, 1874, September 22, 1879, and March 14, 1887; and in lieu of the record a cautionary notice has been entered effective for 120 days, in view of another document at folio 46 of volume 8 of Barranquitas, estate No. 48, duplicate, record letter B.—Caguas, December 15, 1907.''

Attorney José Hernández Usera took an appeal in due time from this decision on behalf of the Porto Rican Leaf Tobacco Co., seeking the reversal thereof and the issue of an order to the registrar to record the instrument without additional cost.

According to section 942 of the Civil Code in force, alienations of real property to be set apart, which may have been made by the widower or widow after contracting a second marriage, are not void, but voidable if on his or her death legitimate children or descendants of the first marriage survive, and this without prejudice, as the said section of the Civil Code adds to the provisions of the Mortgage Law; alluding without doubt to the provisions of articles 36 and 38

thereof relating to actions which cannot have any effect to the prejudice of a third person who may have recorded his right, when they do not clearly appear from the registry; and consequently as the reservative character of the plantation in question which it is alleged Luisa Muñoz Rivera inherited from one of the children of her first marriage, who in turn had inherited it from his father, does not appear in the registry, this circumstance cannot prejudice the Porto Rican Leaf Tobacco Co., which has taken a mortgage on said plantation without knowledge that is was subject to reservation, and has presented the deed for record in the registry of property.

This doctrine is likewise applicable by analogy to the cases of reservation established by section 811 of the former Civil Code, concordant with section 799 of the Civil Code in force, as the Supreme Court of Justice of Spain held in its decision of November 8, 1894, and the General Directorate of Registries in a number of decisions; consequently the deed in question is not void as the Registrar of Property of Caguas erroneously holds in his decision denying the record of said deed.

In view of the legal provisions cited the decision of the Registrar of Property of Caguas appearing at the end of the mortgage deed involved in this appeal is reversed, and said deed is held to be recordable; and it is ordered that it be returned to the registrar together with a certified copy of this decision, in order that he may proceed to record it in the proper form, and for other proper legal purposes.

*Accordingly decided.*

Justices Hernández, Figueras, MacLeary and Wolf concurred.